UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXPORT DEVELOPMENT CANADA,
    Plaintiff,

v                                       Case No.  2:19-cv-11536-DML-MKM
                                       Hon. David M. Lawson

SDR GROUP, INC.,
    Defendant/Third-Party Plaintiff,

v

WORLDWIDE WARRANTY LIFE
SERVICES, INC.,
    Third-Party Defendant.
_____/

## DEFENDANT SDR'S MOTION FOR ALTERNATE SERVICE UPON DEPONENT SCOTT JOHNSON

Defendant/Third-Party Plaintiff, SDR Group, Inc. ("SDR"), by its attorneys, Ellias & Elias, P.C., for its Motion for Alternate Service Upon Deponent, Scott Johnson, states as follows:

1. On May 24, 2019, Plaintiff Export Development Canada ("Plaintiff EDC") filed its Complaint against SDR in this matter (PageID.1-7), as assignee of Third-Party Defendant, Worldwide Warranty Life Services, Inc. ("Warranty Life"), claiming non-payment by SDR of three (3) invoices for certain 16-digit unique codes ("Pins") used to administer warranty programs associated with the repair of cellular phone screen protectors.

2. On July 16, 2019, SDR filed its Answer and Affirmative Defenses to EDC's Complaint (PageID.27-36) and, on October 2, 2019, SDR filed its First Amended Answer and Affirmative Defenses to EDC's Complaint along with Third-Party Complaint against Warranty Life (PageID.62-77). The Third-Party Complaint alleges Warranty Life falsely represented that its warranty program was supported by third-party insurance as required by SDR (PageID.71-78) (*see also* PageID.79-86).

3. Mr. Scott Johnson of SAJ Consulting, LLC ("Deponent Scott Johnson") was the independent sales representative for Warranty Life in the United States, as Warranty Life's C.E.O., Richard Hui, testified at deposition. See Dep. Tr. of R. Hui, at p. 119-22, relevant pages of which are attached hereto as <u>Exhibit 1</u>. Specifically, Mr. Hui testified that he provided background regarding SDR to Warranty Life and may have been involved in telephonic communications between SDR and Warranty Life. <u>Exhibit 1</u> at 122. Accordingly, Deponent may possess information, which is relevant to EDC's Complaint, to SDR's defenses to the Complaint and to SDR's Third-Party Complaint against Warranty Life.

4. The Nebraska Secretary of State confirms Deponent's registered agent and office address at: 17715 Martha Street, Omaha, NE 68130. <u>Exhibit 2</u>.

5. Accordingly, on March 11, 2020, SDR served its Notice of Intent to Serve Subpoena to Testify At a Deposition In a Civil Action to Non-Party Scott

Johnson, Resident Agent of SAJ Consulting, LLC ("Subpoena"), upon all parties in this matter. Exhibit 3.

6. In March 2020, SDR attempted to serve Deponent Scott Johnson with the Subpoena by personal service, pursuant to Rule 45 of the Federal Rules of Civil Procedure. SDR's process server, Thomas J. Gorgen of the Gorgen Detective Agency, LLC ("Process Server Gorgen") made the following unsuccessful attempts upon Deponent Scott Johnson at 17715 Martha Street, Omaha, NE 68130 ("Residence"):

    a. on March 16, 2020, at 5:47 p.m., Process Server Gorgen received no answer at the door of the Residence despite observing lights on within the Residence.

    b. on March 16, 2020, at 6:42 p.m., Process Server Gorgen received no answer at the door of the Residence despite observing lights on within the Residence and dogs barking at the front door of the Residence.

    c. on March 18, 2020, at 6:11 p.m., Process Server Gorgen received no answer at the door of the Residence despite observing lights on within the Residence and dogs barking at the front door of the Residence.

    d. on March 21, 2020, at 12:14 p.m. Process Server Gorgen received no answer at the door of the Residence, despite the apparent presence of a visitor to the Residence indicated by a vehicle in the driveway

displaying NE license plate VTW 937 registered to Zack Barton, 6909 Beaver Creek Lane, Lincoln, NE 68516.

*See* Declaration of Process Server Gorgen, Exhibit 4.

7. In addition, SDR attempted to serve the Subpoena to Deponent Scott Johnson *via* certified mail, return receipt requested, to no avail because Deponent Scott Johnson failed to claim such delivery. *See* USPS Tracking, Exhibit 5.

8. Fed. R. Civ. P. 45(b)(1) states: "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."

The United States District Court for the Eastern District of Michigan has interpreted Rule 45 to allow for service of a subpoena by alternate means once a party demonstrates an inability to effectuate service after a diligent effort, and such alternate means must be reasonably calculated to achieve actual delivery. *OceanFirst Bank* v *Hartford Fire Ins Co*, 794 FSupp2d 752, 754 (ED Mich 2011). *See also* Powell v State Farm Fire and Casualty Co, 2015 WL 13619425, No. 15-13342, *slip op.* at *1 (ED Mich, Dec. 23, 2015); *Samuels* v *Allstate Ppty & Cas Co*, 2017 WL 11317573, No. 16-10890, *slip op.* at *2 (ED Mich, Jun. 30, 2017).

9. The Declaration of Process Server Gorgen detailing his service attempts in addition to the unclaimed certified delivery receipt from the United

4

States Postal Service, <u>Exhibits 4-5</u> *supra*, demonstrate that SDR has exercised all diligent efforts to serve Deponent Scott Johnson at his Residence.

    10.    In the interest of facilitating the just, speedy and inexpensive resolution of this matter, *see* Fed. R. Civ. Proc. 1, SDR respectfully requests that this Honorable Court enter an Order pursuant to Rule 45 and its decision in <u>*OceanFirst Bank*</u>, *supra*, 794 FSupp2d 754, providing for alternate service of the Subpoena upon Deponent Scott Johnson by regular First-Class Mail and posting of the Subpoena upon the front door of the Residence.

    11.    Pursuant to Local Rule 7.1(a)(2), counsel for SDR has obtained the concurrence in the relief sought in the instant motion from counsel for Plaintiff EDC and Defendant Warranty Life.

    WHEREFORE, Defendant/Third-Party Plaintiff, SDR Group, Inc. ("SDR"), respectfully requests that this Honorable Court grant its Motion for Alternate Service Upon Deponent, Scott Johnson, dispense with oral argument pursuant to E.D. 7.1(e), and issue an Order:

    A.    SDR may serve the Subpoena upon Deponent Scott Johnson by regular First-Class Mail and by posting at the front door of the Residence located at 17715 Martha Street, Omaha, NE 68130;

    B.    SDR shall include a copy of the Order in both its mailing and posting; and

    C.    Awarding such other relief as this Court deems appropriate.

                        Respectfully submitted,

                        **ELLIAS & ELIAS, P.C.**

Dated: April 10, 2020          /s/ Christine R. Essique
                                          Frederick D. Elias (P47356)
                                          Christine R. Essique (P47266)
                                          Attorneys for Defendant/Third-Party Plaintiff
                                          7091 Orchard Lake Road, Suite 110
                                          West Bloomfield, MI 48322
                                          (248) 865-8400
                                          fdelias@e3pc.net
                                          cressique@e3pc.net

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EXPORT DEVELOPMENT CANADA,
    Plaintiff,

v                                        Case No. 2:19-cv-11536-DML-MKM
                                        Hon. David M. Lawson

SDR GROUP, INC.,
    Defendant/Third-Party Plaintiff,

v

WORLDWIDE WARRANTY LIFE
SERVICES, INC.,
    Third-Party Defendant.
_____/

## BRIEF IN SUPPORT OF DEFENDANT SDR'S MOTION FOR ALTERNATE SERVICE UPON DEPONENT SCOTT JOHNSON

**ELLIAS & ELIAS, P.C.**
Frederick D. Elias (P47356)
Christine R. Essique (P47266)
Attorneys for Defendant/Third-Party Plaintiff
7091 Orchard Lake Road, Suite 110
West Bloomfield, MI 48322
(248) 865-8400
fdelias@e3pc.net
cressique@e3pc.net

## TABLE OF CONTENTS

Table of Contents .................................................................................................. i

Index of Authorities ............................................................................................. ii

Statement of Issue Presented .............................................................................. iii

Primary Controlling Authority ........................................................................... iv

**INTRODUCTION** ............................................................................................. 1

**FACTUAL BACKGROUND** .......................................................................... 1

    A.    Procedural History ............................................................................ 1
    B.    Deponent Scott Johnson .................................................................... 2
    C.    SDR's Diligent But Unsuccessful Attempts to Serve Deponent ............ 2

**ARGUMENT** .................................................................................................... 4

**CONCLUSION** ................................................................................................. 6

# INDEX OF AUTHORITIES

### *Cases*

*Franklin* v *State Farm Fire & Cas Co*,
  2009 WL 3152993, No. 09-10947 (ED Mich, Sept. 30, 2009) ............................. 4

*OceanFirst Bank* v *Hartford Fire Ins Co*, 794 FSupp2d 752 (ED Mich 2011) ... 4,5

*Powell* v *State Farm Fire and Casualty Co*,
  2015 WL 13619425, No. 15-13342 (ED Mich, Dec. 23, 2015) ........................... 5

*Samuels* v *Allstate Ppty & Cas Co*,
  2017 WL 11317573, No. 16-10890 (ED Mich, Jun. 30, 2017) ............................ 6

### *Federal Rules of Civil Procedure*

Fed. R. Civ. Proc. 1 ................................................................................................ 5

Fed. R. Civ. Proc. 45(b)(1). ............................................................................... 4,5

### *Local Rules - Eastern District of Michigan*

Local Rule 7.1 ....................................................................................................... 6

## STATEMENT OF ISSUE PRESENTED

Whether the Court should grant SDR's Motion for Alternate Service Upon Deponent, Scott Johnson, because (A) SDR has demonstrated an inability to effectuate service upon the Deponent despite diligent efforts and (B) SDR's proposed alternate means of serving the Subpoena by regular First-Class Mail and posting of the Subpoena upon the front door of the Residence is reasonably calculated to achieve actual delivery?

SDR answers:                "**YES.**"
The Court should answer:    "**YES**."

## PRIMARY CONTROLLING AUTHORITY

Fed. R. Civ. P. 45

<u>OceanFirst Bank</u> v <u>Hartford Fire Ins Co</u>, 794 FSupp2d 752 (ED Mich 2011)

# INTRODUCTION

This Court should grant the Motion for Alternate Service Upon Deponent, Scott Johnson, of Defendant/Third-Party Plaintiff, SDR Group, Inc. ("SDR"), pursuant to Rule 45 of the Federal Rules of Civil Procedure for the following reasons:

A. SDR has demonstrated an inability to effectuate service upon the Deponent despite diligent efforts.

B. SDR's proposed alternate means of serving the Subpoena by regular First-Class Mail and posting of the Subpoena upon the front door of the Residence is reasonably calculated to achieve actual delivery.

# FACTUAL BACKGROUND

**A.  Procedural History.**

On May 24, 2019, Plaintiff Export Development Canada ("Plaintiff EDC") filed its Complaint against SDR in this matter (PageID.1-7), as assignee of Third-Party Defendant, Worldwide Warranty Life Services, Inc. ("Warranty Life"), claiming non-payment by SDR of three (3) invoices for certain 16-digit unique codes ("Pins") used to administer warranty programs associated with the repair of cellular phone screen protectors.

On July 16, 2019, SDR filed its Answer and Affirmative Defenses to EDC's Complaint (PageID.27-36) and, on October 2, 2019, SDR filed its First Amended

Answer and Affirmative Defenses to EDC's Complaint along with Third-Party Complaint (PageID.62-77). The Third-Party Complaint alleges Warranty Life falsely represented that its warranty program was supported by third-party insurance as required by SDR (PageID.71-78) (*see also* PageID.79-86).

### B.     Deponent Scott Johnson.

Mr. Scott Johnson of SAJ Consulting, LLC ("Deponent") was the independent sales representative for Warranty Life in the United States, as Warranty Life's C.E.O., Richard Hui, testified at deposition.  See Dep. Tr. of R. Hui, at p. 119-22, relevant pages of which are attached hereto as Exhibit 1.    Specifically, Mr. Hui testified that he provided background regarding SDR to Warranty Life and may have been involved in telephonic communications between SDR and Warranty Life. Exhibit 1 at 122.  Accordingly, Deponent may possess information, which is relevant to EDC's Complaint, to SDR's defenses to the Complaint and to SDR's Third-Party Complaint against Warranty Life.

### C.     SDR's Diligent But Unsuccessful Attempts to Serve Deponent.

The Nebraska Secretary of State confirms Deponent's registered agent and office address at: 17715 Martha Street, Omaha, NE 68130. Exhibit 2. Accordingly, on March 11, 2020, SDR served its Notice of Intent to Serve Subpoena to Testify At a Deposition In a Civil Action to Non-Party Scott Johnson, Resident Agent of SAJ Consulting, LLC ("Subpoena"), upon all parties in this matter. Exhibit 3. In March

2020, SDR attempted to serve Deponent Scott Johnson with the Subpoena by personal service, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

SDR's process server, Thomas J. Gorgen of the Gorgen Detective Agency, LLC ("Process Server Gorgen") made the following unsuccessful attempts upon Deponent Scott Johnson at 17715 Martha Street, Omaha, NE 68130 ("Residence"):

a. on March 16, 2020, at 5:47 p.m., Process Server Gorgen received no answer at the door of the Residence despite observing lights on within the Residence.

b. on March 16, 2020, at 6:42 p.m., Process Server Gorgen received no answer at the door of the Residence despite observing lights on within the Residence and dogs barking at the front door of the Residence.

c. on March 18, 2020, at 6:11 p.m., Process Server Gorgen received no answer at the door of the Residence despite observing lights on within the Residence and dogs barking at the front door of the Residence.

d. on March 21, 2020, at 12:14 p.m. Process Server Gorgen received no answer at the door of the Residence, despite the apparent presence of a visitor to the Residence indicated by a vehicle in the driveway displaying NE license plate VTW 937 registered to Zack Barton, 6909 Beaver Creek Lane, Lincoln, NE 68516.

*See* Declaration of Process Server Gorgen, Exhibit 4.

SDR also attempted to serve the Subpoena to Deponent Scott Johnson *via* certified mail, return receipt requested, to no avail because Deponent Scott Johnson failed to claim such delivery. *See* USPS Tracking, Exhibit 5.

### ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas. With respect to the method of service, Rule 45(b) states: "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). There is no Sixth Circuit case law interpreting Rule 45 to require personal service.

The service of a subpoena under Rule 45, and whether Rule 45 requires personal service, was addressed by this Court in <u>OceanFirst Bank</u> v <u>Hartford Fire Ins Co</u>, 794 FSupp2d 752, 754 (ED Mich 2011) (Lawson, J.). This Court in <u>OceanFirst Bank</u> explained that, while there is no consensus among the federal circuits and federal district courts, "[a] number of courts 'have permitted service by certified mail and other means if the method of service is made in a manner designed to reasonably insure actual receipt of the subpoena by the witness.'" 794 FSupp2d at 754 *citing* <u>Franklin</u> v <u>State Farm Fire & Cas Co</u>, 2009 WL 3152993, No. 09-10947 (ED Mich, Sept. 30, 2009) at *1-2 (ED Mich 2009) (Mazjoub, Mag. J.). This Court further noted "courts that have sanctioned alternative means of service under

4

Rule 45 often have done so only after the party requesting the accommodation diligently attempted to effectuate personal service." *Franklin*, supra, at *2.

Accordingly, the Court in *OceanFirst Bank* held that it is "persuaded by and adopts the reasoning of the courts that interpret Rule 45 to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after diligent effort" and such "alternate means must be reasonably calculated to achieve actual delivery." 794 FSupp2d at 754. Regarding alternate service, "mailing by first-class mail to the actual address of the intended recipient generally will suffice . . . especially when the mailing is accompanied by posting at the known address of the prospective witness." *Id*. at 754.

In the present case, the Declaration of Process Server Gorgen detailing his service attempts in addition to the unclaimed certified delivery receipt from the United States Postal Service, Exhibits 4-5, *supra*, demonstrate that SDR has exercised all diligent efforts to serve Deponent Scott Johnson at his Residence. In the interest of facilitating the just, speedy and inexpensive resolution of this matter, *see* Fed. R. Civ. Proc. 1, an Order providing for alternate service of the Subpoena upon Deponent Scott Johnson by regular First-Class Mail and posting of the Subpoena upon the front door of the Residence is appropriate pursuant to Rule 45. *OceanFirst Bank*, *supra*, 794 FSupp2d at 754. See also *Powell* v S*tate Farm Fire*

5

*and Casualty Co*, 2015 WL 13619425, No. 15-13342, *slip op.* at *1 (ED Mich, Dec. 23, 2015); <u>Samuels</u> v <u>Allstate Ppty & Cas Co</u>, 2017 WL 11317573, No. 16-10890, *slip op.* at *2 (ED Mich, Jun. 30, 2017).

## CONCLUSION

For the above reasons, Defendant/Third-Party Plaintiff, SDR Group, Inc. ("SDR"), respectfully requests that this Honorable Court grant its Motion for Alternate Service Upon Deponent, Scott Johnson, dispense with oral argument pursuant to E.D. 7.1(e), and issue an Order:

A.  SDR may serve the Subpoena upon Deponent Scott Johnson by regular First-Class Mail and by posting at the front door of the Residence located at 17715 Martha Street, Omaha, NE 68130;

B.  SDR shall include a copy of the Order in both its mailing and posting; and

C.  Awarding such other relief as this Court deems appropriate.

Respectfully submitted,

**ELLIAS & ELIAS, P.C.**

Dated: April 10, 2020   /s/ Christine R. Essique
Frederick D. Elias (P47356)
Christine R. Essique (P47266)
Attorneys for Defendant/Third-Party Plaintiff
7091 Orchard Lake Road, Suite 110
West Bloomfield, MI 48322
(248) 865-8400
fdelias@e3pc.net
cressique@e3pc.net

6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of records for all parties in the above cause electronically, in accordance with Fed. R. Civ. P. 5(d).

/s/ Christine R. Essique
Christine R. Essique (P47266)
Ellias & Elias, P.C.
7091 Orchard Lake Road, Suite 110
West Bloomfield, MI 48322
cressique@e3pc.net