UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXPORT DEVELOPMENT CANADA,

        Plaintiff,

v.

SDR GROUP, INC.,

        Defendant and third-party
        plaintiff,

v.

WORLDWIDE WARRANTY LIFE
SERVICES, INC.,

        Third-party defendant.
_____/

Case Number 19-11536
Honorable David M. Lawson

## ORDER GRANTING IN PART MOTION FOR ALTERNATE SERVICE OF SUBPOENA

This matter is before the Court on defendant and third-party plaintiff SDR Group, Inc.'s motion for alternate service on non-party witness Scott Johnson of its subpoena commanding Mr. Johnson to appear and testify at a deposition. The defendant asks the Court to permit service of the subpoena by posting and mailing, contending that such service is an alternative means allowed under the applicable court rules and case law.

The defendant's motion recites several failed attempts to complete personal service of the subpoena on Mr. Johnson, and the Court finds that the record suggests that the witness may be evading service. The Court further finds that personal service of the subpoena is unlikely to be completed by any further reasonable efforts on the defendant's part. However, service of a subpoena is governed by Federal Rule of Civil Procedure 45(b), which provides that "[a] subpoena may be served at any place within the United States," Fed. R. Civ. P. 45(b)(2). "Serving a

subpoena *requires delivering a copy to the named person* and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law," Fed. R. Civ. P. 45(b)(1) (emphasis added). Thus, under Rule 45(b), personal service expressly is required, and the rule makes no allowance for service by alternate means.

Nevertheless, in the interest of facilitating the just, speedy, and inexpensive resolution of this matter, *see* Fed. R. Civ. P. 1, the Court will permit the defendant to attempt to advance its discovery from this witness in an economical manner by allowing the alternate service requested, and the Court finds that the means of service proposed, along with certain additional means, are reasonably calculated to give actual notice to the witness. However, the ultimate sanction for a properly served witness's refusal to obey a subpoena would be an order from the district court of the district where compliance is required holding the recalcitrant witness in civil contempt, *see* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."). Generally a "party may be found in contempt [only] if the petitioner shows that the respondent 'violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order,'" *Gnesys, Inc. v. Greene*, 437 F.3d 482, 493 (6th Cir. 2005) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (emphasis added)). Under the circumstances, although the Court will allow the defendant to pursue the alternative measures that it requests to notify the witness of the subpoena, the Court observes that the defendant may have a difficult task before it in making the required showing of actual knowledge, if it is unable to make personal contact with the witness.

- 3 -

Accordingly, it is **ORDERED** that the defendant's motion for alternate service of a subpoena on non-party witness Scott Johnson (ECF No. 30) is **GRANTED IN PART**.

It is further **ORDERED** that the defendant may serve its deposition subpoena on non-party witness Scott Johnson in the manner set forth below. Service shall be complete by:

(A)　mailing a copy of the subpoena and this order by first class mail to Scott Johnson at the following address: 17715 Martha Street, Omaha, NE 68130;

(B)　mailing a copy of the subpoena and this order by certified mail (return receipt requested) to Scott Johnson at the following address: 17715 Martha Street, Omaha, NE 68130;

(C)　firmly affixing a copy of the subpoena and this order to the front door of the address noted above; and

(D)　if any email, text messaging, or other network or telecommunication address for the deponent is known or reasonably available to the defendant, sending a copy of the subpoena and this order to the deponent via email and any other reasonably available means of electronic communication.

It is further **ORDERED** that the defendant shall file a certificate confirming service as provided herein.

s/David M. Lawson　　　　
DAVID M. LAWSON
United States District Judge

Dated: April 16, 2020